FILED
April 01, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KAREN MONSERRAT CONCHAS MESRAJE and STACI SEAN SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. SA-24-CV-00183-OLG |

## ORDER

Before the Court is Defendant's Motion for Summary Judgment (Dkt. No. 20), filed on October 22, 2024. Plaintiffs have responded (*see* Dkt. No. 21), and Defendant has filed a reply (*see* Dkt. No. 22). After careful consideration of the briefing, applicable law, and record, the Court finds that the Motion should be granted.

### I.   BACKGROUND

This case arises out of a car accident that occurred between Plaintiffs' vehicle and United States Marine Corps ("USMC") Sergeant Avery Humberto Luengo's vehicle on December 6, 2021. (*See* Dkt. No. 1 at 4). Plaintiffs filed suit in this Court on February 22, 2024, alleging negligence against Defendant United States of America ("United States") under a theory of vicarious liability. (*See id.* at 5). The United States filed an answer (*see* Dkt. No. 6), and Plaintiffs amended their complaint, adding additional tort-based claims against the United States (*see* Dkt. No. 8 at 5–6). Thereafter, the United States filed its answer to Plaintiffs' amended complaint and asserted, among other defenses, lack of subject-matter jurisdiction and sovereign immunity. (*See* Dkt. No. 10 at 4).

The parties engaged in discovery, and the United States moved for summary judgment "since [Sergeant Luengo] was not in the line of duty at the time of the accident as a matter of law."

(Dkt. No. 20 at 1). Plaintiffs responded in opposition to the United States' Motion and argue that Sergeant Luengo was acting in the course and scope of his employment at the time the accident occurred. (*See* Dkt. No. 21 at 4). The United States filed a reply contending there is no genuine dispute of material fact concerning whether Sergeant Luengo was acting in the course and scope of his employment because his deposition testimony confirmed he "was off duty, was dismissed for the day, and made a personal decision to eat at a Chinese restaurant in his free time." (*See* Dkt. No. 22 at 3–6).

## II.   FACTS[1]

Sergeant Luengo is an active-duty non-commissioned officer for the USMC and is currently stationed at Camp Pendleton in California. (*See* Dkt. No. 21-1 at 8–9). He has been a Marine since October 2016 and receives a salary for serving as a Marine. (*Id.* at 9, 17). In 2021, and upon graduating from recruiter school in San Diego, California, Sergeant Luengo was assigned to Recruiting Station ("R.S.") San Antonio, at which he would receive refresher training prior to serving as a new-join recruiter. (*See id.* at 10–11). The R.S. provided Sergeant Luengo housing at the Crowne Plaza Hotel while he attended training at the R.S.'s headquarters, and he received a per diem stipend while in San Antonio. (*See id.* at 11–12, 17).

Sergeant Luengo was authorized to operate a government motor vehicle ("GMV") to travel to San Antonio and to use the GMV for official business as well as getting food. (*See id.* at 15–16, 20, 22). On December 6, 2021, Sergeant Luengo used a GMV to travel from McAllen, Texas to San Antonio, Texas to attend the refresher training. (*See id.* at 13). That same day, Sergeant Luengo completed his first day of training and was dismissed by his recruiting instructor. (*See id.* at 14,

---

[1] The Court notes that the facts are drawn from the pleadings and the deposition testimony of Sergeant Luengo. *See* FED. R. CIV. P. 56(c); *see also Barlow v. Allstate Tex. Lloyds*, 214 F. App'x 435, 436 (5th Cir. 2007) (per curiam) (citations omitted) ("Summary judgment is proper if the pleadings and discovery on file show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.").

24–27). After being dismissed for the day, Sergeant Luengo drove back to the Crowne Plaza Hotel, changed into his civilian clothes, and then drove to a Chinese restaurant to get food. (*See id.* at 27, 29–30). Sergeant Luengo was not given orders to go to the restaurant, get food after completing the first day of training, or take anyone with him to the restaurant. (*See id.* at 27–29). The decision to drive to the restaurant and get Chinese food was entirely Sergeant Luengo's decision. (*See id.* at 29–30).

While en route to the restaurant, Sergeant Luengo disregarded a stop sign and entered the lane in which Plaintiffs had the right of way and were traveling. (*See* Dkt. No. 8 at 4). Neither party reacted in time to avoid a collision, and as a result, Plaintiffs' vehicle crashed into Sergeant Luengo's GMV. (*See id.*) Plaintiffs suffered severe injuries from the accident. (*See id.*)

### III. LEGAL STANDARD

A party is entitled to summary judgment if the record shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a), (c). "A fact is material if it might affect the outcome of the suit under the governing law, while a dispute about that fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (internal quotation marks omitted). Notably, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

"The moving party bears the initial burden of 'informing the Court of the basis of its motion' and identifying those portions of the record 'which it believes demonstrate the absence of a genuine issue of material fact.'" *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 163 (5th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden,

the movant must identify relevant portions of the pleadings or provide depositions, affidavits, or admissions that demonstrate "no genuine issue of material fact remains." *See Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993) (citing *Celotex*, 477 U.S. 317). If the moving party satisfies the initial burden, the burden shifts to the nonmoving party to present competent evidence that shows a genuine dispute of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Additionally, courts must view the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

## IV.   ANALYSIS

### A.   Federal Tort Claims Act

Under the Federal Tort Claims Act ("FTCA"), an individual may bring a civil action for damages against the United States for "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C § 2674; *see* § 1346(b)(1) (asserting the United States is "liable to [a] claimant in accordance with the law of the place where the act or omission occurred"). Further, the Fifth Circuit recognizes that Texas substantive law applies in a negligence action brought under the FTCA when the conduct giving rise to the action occurs within Texas. *See Ellis v. United States*, 673 F.3d 367, 372 (5th Cir. 2012) (applying Texas law because the malpractice "took place exclusively in Texas"); *Garza v. United States*, 809 F.2d 1170, 1171 (5th Cir. 1987) ("Whether military personnel are acting within the line of duty is determined by applicable state rules of *respondeat superior*." (citing *Williams v. United States*, 350 U.S. 857 (1955) (per curiam))).

The conduct giving rise to the action occurred in San Antonio, Texas. (*See* Dkt. No. 8 at 3). The Court, therefore, applies Texas substantive law to determine whether Sergeant Luengo was acting in the course and scope of his employment for the USMC when the accident occurred.

**B.      Course and Scope of Employment**

The United States argues that, at the time of the accident, Sergeant Luengo was not acting in the course and scope of his employment. (*See* Dkt. Nos. 20 at 12; 22 at 3–4). Under Texas's common-law doctrine of respondeat superior, "liability for one person's fault may be imputed to another who is himself entirely without fault solely because of the relationship between them." *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018) (quoting *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 540 (Tex. 2002)). Regarding the employer-employee relationship, "an employer is vicariously liable for its employee's negligent acts if those acts are within the course and scope of his employment." *Id.* at 131 (citing *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007)).

"In Texas, an employee's conduct is considered to fall within the scope of his employment if his actions were '(1) within the general authority given him; (2) in furtherance of the employer's business; and (3) for the accomplishment of the object for which the employee was employed.'" *Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003) (quoting *Williams v. United States*, 71 F.3d 502, 506 (5th Cir. 1995)); *see also Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002). "The scope-of-employment analysis is an objective inquiry considering whether there is a connection between the employee's job duties and the alleged tortious conduct." *City of Houston v. Fisher*, No. 14-21-00573-CV, 2023 WL 2322971, at *3 (Tex. App.—Houston [14th Dist.] Mar. 2, 2023, pet. denied) (citing *Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2017)); *see also Minyard Food Stores, Inc.*, 80 S.W.3d at 577 ("[I]f an employee deviates from the

performance of his duties for his own purposes, the employer is not responsible for what occurs during that deviation." (citing *ITT Consumer Fin. Corp. v. Tovar*, 932 S.W.2d 147, 158 (Tex. App.—El Paso 1996, writ denied))).

Based on the summary judgment evidence in the record, and viewing the evidence in the light most favorable to Plaintiffs, the Court finds that there is no evidence that Sergeant Luengo was acting in the course and scope of his employment at the time of the accident. The undisputed evidence shows that Sergeant Luengo had been dismissed by his recruiting instructor prior to the accident. (*See* Dkt. No. 21-1 at 26–27). Upon dismissal, Sergeant Luengo was free to do as he pleased for the remainder of the day so long as he arrived at the R.S.'s headquarters for training the following day and abstained from committing illegal conduct. (*See id.* at 25–26). The evidence further shows that Sergeant Luengo returned to the Crowne Plaza Hotel to change into his civilian clothes and then decided to go to a Chinese restaurant to get food. (*See id.* at 27, 29–30). The evidence reveals that neither Sergeant Luengo's supervisor, Gunnery Sergeant Daniel Garcia, nor any commanding officer from the R.S. ordered or instructed Sergeant Luengo to go to the Chinese restaurant. (*See id.* at 28–30, 41).

Nevertheless, Plaintiffs maintain that Sergeant Luengo was acting in the course and scope of his employment because he was acting under general orders while attending the refresher training. (*See* Dkt. No. 21 at 3, 6, 8). Because Sergeant Luengo received authorization to use the GMV to get food during the trip, Plaintiffs contend that Sergeant Luengo was acting in the course and scope of his employment at the time of the accident. (*See* Dkt. Nos. 21 at 8–9; 21-2 at 4). The Court, however, is not persuaded by Plaintiffs' argument.

Generally, an employer will not be held liable for the acts of its employees "traveling to and from work or otherwise deviating from the employer's objectives." *Williams v. B&B Elec. &*

6

*Util. Contractors, Inc.*, No. 2:19-CV-00325, 2022 WL 6600973, at *3 (S.D. Tex. Feb. 7, 2022) (citing *Painter*, 561 S.W.3d at 136). "Going to lunch and stopping at a convenience store for a personal purchase" are deviations—or personal errands—that will also preclude an employer from being held vicariously liable for the acts of its employees. *See id.* (citing *Garcia v. United States*, 88 F.3d 318, 321 (5th Cir. 1996)). However, vicarious liability may occur "when an employee has undertaken 'a special mission at the direction of his employer' or is otherwise performing 'a service in furtherance of [his] employer's business with the express or implied approval of [his] employer.'" *Painter*, 561 S.W.3d at 136 (alteration in original) (quoting *J & C Drilling Co. v. Salaiz*, 866 S.W.2d 632, 636 (Tex. App.—San Antonio 1993, no writ)). If a court determines that a special mission is evident, "the employee will be considered to be in the course and scope of his employment from the time that the employee commences the special mission until its termination, absent any deviation therefrom for personal reasons." *Chevron, U.S.A., Inc. v. Lee*, 847 S.W.2d 354, 356 (Tex. App.—El Paso 1993, no writ) (citing *Boynton v. McKales*, 139 Cal.App.2d 777, 789 (1956)).

In *Milian v. PV Holding Corp.*, a plaintiff sued an employee and her employer in state court for negligence-based claims arising from a car accident. No. 4:20-CV-02947, 2023 WL 2652597, at *1 (S.D. Tex. Mar. 27, 2023). The employer removed the action to federal court under diversity jurisdiction, and, thereafter, moved for summary judgment on the basis that the employee was not acting in the course and scope of her employment when the accident occurred. *Id.* In deciding the scope-of-employment issue, the district court rejected the plaintiff's argument that the employee was acting in the course and scope of her employment because her authorized trip to Houston was, in its entirety, to further the employer's business by opening a Houston office and outfitting a company apartment. *Id.* at *4–5. The district court reasoned that while the employee may have

7

been on a special mission and working the entire day, the employee's journey to Starbucks for breakfast and coffee was not in furtherance of the employer's business. *Id.* at *5. It was clear to the district court that at the time of the accident, the employee was embarking on a personal errand that deviated from her special mission in Houston. *See id.* (finding the employee was running a personal errand because her employer "did not benefit from, nor did they authorize, [the employee's] activity at the time of the accident").

Like *Milian*, Plaintiffs cannot assert that Sergeant Luengo was acting in the course and scope of his employment simply because he received authorization for the San Antonio trip as a whole and was abiding by orders at the time of the accident. Neither the USMC nor the R.S. benefitted from, or ordered, Sergeant Luengo's trip to the Chinese restaurant. In his deposition testimony, Sergeant Luengo answered the following questions:

> Q. So would it be accurate to say that now you're back at the Crowne Plaza Hotel, you're in your civvies and you're dismissed for the day, you can go and do whatever you want to do?
> A. As long as it's not illegal, as you said, sir, yes.
> …
> Q. But there were no restrictions or limitations on what you can do once you were dismissed for the day, other than show up the next morning when they told you to show up?
> A. Correct, sir.
> Q. For example, you didn't have any orders or instructions [from] your commanding officers on where to go eat?
> A. No, sir.
> Q. Assuming it's the Beijing House, they didn't tell you, Sergeant Luengo, you've got to go to the Beijing House, right?
> A. No, sir.
> Q. They gave you no instructions on how to get there?
> A. No, sir.
> Q. Or when to get there?
> A. No.
> Q. Or to go there at all. It was entirely your choice?
> A. Correct, sir.
> Q. And at that time, I think you mentioned to counsel, you didn't have any official government materials in the car with you; is that right?
> A. Correct, sir.

> Q. You didn't have a recruit with you?
> A. No, sir.
> Q. You weren't doing any recruiting?
> A. No, sir.
> Q. You weren't going to meet a recruit at the Chinese restaurant?
> A. No, sir.
> …
> Q. Had you received any instructions from any of your commanding officers telling you to do anything in particular that night after you were dismissed for the day?
> A. No, sir.

(Dkt. No. 21-1 at 27–29). This Court, like other Texas courts, acknowledges that certain deviations and actions—such as getting Chinese food after being dismissed for the day—cannot be in furtherance of an employer's business. *See Milian*, 2023 WL 2652597, at *5; *Duran v. United States*, No. 2:20-CV-00179, 2023 WL 2499941, at *4 (S.D. Tex. Feb. 21, 2023) (recognizing personal errands or travelling for a meal before returning to work are excepted from the special-mission exception); *Cameron Int'l Corp. v. Martinez*, 662 S.W.3d 373, 377 (Tex. 2022) (per curiam) ("To except from the general rule [an employee]'s travel to obtain personal groceries and fuel at his choice—and not at [the employer]'s direction—would turn nearly any personal grocery errand into a special mission on an employer's behalf . . . .").

The Court finds as a matter of law that Sergeant Luengo was not acting within the course and scope of his employment at the time of the accident.[2] Thus, summary judgment is proper concerning Plaintiffs' claims against the United States.

---

[2] Plaintiffs also rely on Standard Form 91 as evidence that Sergeant Luengo was acting in the course and scope of his employment at the time of the accident. (*See* Dkt. Nos. 21 at 8; 21-2 at 4). Plaintiffs aver that such evidence directly refutes the United States' argument that no genuine fact issue is in dispute. (*See* Dkt. No. 21 at 8). However, the Court notes that an assessment of the scope-of-employment issue requires a *complete* and *objective* analysis of the evidence provided in the record. *See Fisher*, 2023 WL 2322971, at *3; *see also Ehlenbach v. United States*, No. CIVA 08-1100, 2009 WL 2885150, at *10 n.8 (W.D. Pa. Sept. 8, 2009) ("Dr. Chosewood's indication on [Standard] Form [91] that Ms. Fugo was acting within the 'scope of duty' becomes less probative when weighed against . . . Ms. Fugo's deposition testimony and the relevant travel records."). Here, Sergeant Luengo's testimony establishes that he was not acting in the course and scope of his employment at the time of the accident because he was not ordered to go to the Chinese restaurant and the act of getting Chinese food was not in furtherance of the USMC. (*See* Dkt. No. 21-1 at 29, 38); *Garcia*, 88 F.3d at 321 (holding a government employee engaged in a personal deviation because he had temporarily completed work for the day and stopped for dinner and drinks); *see also Cameron Int'l Corp.*, 662 S.W.3d

V.  CONCLUSION

For the reasons set forth herein, it is **ORDERED** that the United States' Motion for Summary Judgment (Dkt. No. 20) is **GRANTED**. As a matter of law, Sergeant Avery Humberto Luengo was not acting in the course and scope of his employment with the USMC at the time that the accident occurred. Therefore, the United States is not vicariously liable.

It is further **ORDERED** that Plaintiffs' claims against the United States are **DISMISSED** for lack of subject-matter jurisdiction.

The Clerk of Court is instructed to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this ____1____ day of April, 2025.

_____
ORLANDO L. GARCIA
United States District Judge

---

at 379 (holding "a personal trip for groceries does not fall within the special-mission exception to the general rule that an employer is not vicariously liable for an employee's negligent acts while the employee travels to and from work").